IN THE UNITED STATES COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NEW YORK PIZZERIA, INC. | § § | |
| PLAINTIFF | § § | |
| VS. | § § | CIVIL ACTION NO. _____ |
| DAVID MARTINEZ, RGV FRANCHISE DEVELOPERS, L.L.C., MALFITANY PASTA COMPANY, L.L.C., WINGMAN RESTAURANTS, INC., JOSE MARTINEZ AND PAMELA MARTINEZ | § § § § § § § | JURY TRIAL DEMANDED |
| DEFENDANTS | § | |

## Plaintiff's Original Complaint

NEW YORK PIZZERIA, INC., complains of DAVID MARTINEZ, RGV FRANCHISE DEVELOPERS, L.L.C., MALFITANY PASTA COMPANY, L.L.C., WINGMAN RESTAURANTS, INC., JOSE MARTINEZ AND PAMELA MARTINEZ, and for cause of action would show:

### I. Parties

Plaintiff:

1. New York Pizzeria, Inc. is a Texas corporation doing business in Houston, Harris County, Texas.

Defendant:

2. David Martinez is a Texas resident and may be served with process at his place of business, 7017 NORTH 10TH ST., MCALLEN, TEXAS 78504.

3. RGV Franchise Developers, L.L.C. is a Texas limited liability company, and may be served with process by serving its Registered Agent, David Martinez at 2024 NORTH 10TH ST.,

MCALLEN, TEXAS 78501.

4.      Malfitany Pasta Company, L.L.C., is a Texas limited liability company, and may be served with process by serving its Registered Agent, Jose Martinez at 7017 NORTH 10TH ST., MCALLEN, TEXAS 78504.

5.      Wingman Restaurants, Inc., is a Texas corporation, and may be served with process by serving its Registered Agent, Jose Martinez at 7017 NORTH 10TH ST., MCALLEN, TEXAS 78504.

6.      Jose Martinez, is a Florida resident doing business in Texas, and may be served with process at his place of residence, 1008 E HILLSBOROUGH AVE., TAMPA, FLORIDA 33604.

7.      Pamela Martinez, is a Florida resident doing business in Texas, and may be served with process at her place of residence, 1008 E HILLSBOROUGH AVE., TAMPA, FLORIDA 33604.

## II. NATURE OF THE CASE

8.      This is a suit based upon breach of contract and fraud.

## III. JURISDICTION AND VENUE

9.      Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1332(a), as amended. Plaintiff's seeks damages in excess of $75,000.00 and there are Defendants from another state. Plaintiff invokes the pendent jurisdiction of the court over its state law claims.

10.     Venue of this proceeding is proper in this judicial district and division under 28 U.S.C. § 1391(a) because Plaintiff resides in this judicial district and division.

IV.

## BASIS OF CLAIMS FOR RELIEF

11. On or about October 6, 2008, Plaintiff, New York Pizzeria, Inc. ("NYPI") and Defendant, David Martinez ("MARTINEZ"), executed a Franchise Agreement, attached hereto as Exhibit 1 and incorporated herein as if fully described (the "Franchise Agreement"). The Franchise Agreement involves the establishment of a Russo's New York Pizzeria restaurant serving pizza and Italian food and located at 7017 North 10th St, McAllen, Texas 78504.

12. On the same day, MARTINEZ executed a Security Agreement, attached hereto as Exhibit 2 and incorporated herein as if fully described (the "Security Agreement"). The Security Agreement executed by MARTINEZ secures all of MARTINEZ's obligations in the Franchise Agreement for the Franchise and grants NYPI "*...all of the right, title and interest of franchisee (MARTINEZ) in and to the following types (or items) of property now owned or hereafter acquired by franchisee (MARTINEZ) and all accessions or substitutions therefore and all products or proceeds thereof...*".

13. The Security Agreement executed by MARTINEZ pledges all of MARTINEZ's personal assets and all interest in the Franchise, including but not limited to, the following:

> *...All equipment, fixtures, furnishings and articles of personal property leased or owned by franchisee (the "Personal Property") now or hereafter attached to or used in or about the Franchise or that are necessary or useful for the complete and comfortable use and occupancy of the Franchise for the purposes for which they were or are to be attached, placed, erected, constructed or developed, or which Personal Property is or may be used in or related to the planning development,*

*financing or operation of the Franchise...;*

*...All building materials and equipment now or hereafter delivered to and intended to be installed in in or on the Franchise...;*

*...All deposits (including lease security deposits), deposit accounts, contract rights, accounts, account receivable, commitments, construction contracts, architectural agreements, general intangibles (including without limitation, trademarks, trade names and symbols) and instruments, promissory notes, or chattel paper arising from or by virtue of any transactions related to the Franchise or the Personal Property...;*

*...All permits, licenses, franchises, certificates, and other rights and privileges obtained in connection with the Franchise and the Personal Property...;*

*...All proceeds (including premium refunds) of each policy of insurance relating to the Franchise or the Personal Property...;*

*...All of the leases, rents, royalties, bonuses, issues, profits, revenues or other benefits of the Franchise or the Personal Property, including without limitation, cash or securities deposited pursuant to leases to secure performance by the lessees...*

*...All consumer goods located in or about the Franchise, or used in connection with the used or operation thereof;*

*...All right, title and interest in and to said Franchise and Personal Property, acquired by franchisee (MARTINEZ) after the execution of this Agreement (Security Agreement);*

*...Any and all assets, investments, stocks, bonds, mutual funds, investment accounts, retirement accounts, bank accounts, deposits (including lease security deposits),*

proximately caused NYPI damages. NYPI is entitled to recover actual damages, lost profits, equitable injunctive relief, reasonable attorneys' fees and costs from MARTINEZ.

## VI. COUNT TWO

### FRAUD – ALTER EGO

25. Playing "shell" games with companies, management and ownership, MARTINEZ took all the assets that were pledged in the Security Agreement to NYPI and gave the assets to MARTINEZ's PARENTS, RGV, WINGMAN and MALFITANY in an effort to keep the assets from being acquired by NYPI.

26. RGV, WINGMAN and MALFITANY are alter egos of MARTINEZ and MARTINEZ's PARENTS, subject to their control and used by MARTINEZ and MARTINEZ's PARENTS to perpetrate a fraud to avoid MARTINEZ's contractual obligations to NYPI. RGV, WINGMAN and MALFITANY were organized and operate as a mere tool or business conduit of MARTINEZ and MARTINEZ's PARENTS.

27. RGV, WINGMAN and MALFITANY were formed to evade contractual obligations of MARTINEZ under the Franchise Agreement and the Security Agreement.

28. RGV, WINGMAN and MALFITANY did not have enough capital for the type of business they were conducting and were inadequately capitalized by MARTINEZ and MARTINTEZ's PARENTS.

29. MARTINEZ and MARTINEZ's PARENTS are vicariously liable because they acted in concert together in an attempt to defraud NYPI of all of MARTINEZ's pledged assets in the Security Agreement.

30. Upon suspicion and belief, MARTINEZ intended to violate the Franchise Agreement

and Security Agreement and attempted to give all the assets pledged under the Security Agreement to MARTINEZ's PARENTS. MARTINEZ and MARTINEZ's PARENTS then used RGV, WINGMAN and MALFITANY entities to change the name of the Franchise to "Wingman Pizza" and then "Malfitany Pasta Co," but continued offering and selling pizzeria type products at the Franchise under the management, control and operation of MARTINEZ. While Wingman Pizza and Malfitany Pasta Co continued to sell the pizzeria type products like pasta, MARTINEZ and MARTINEZ's PARENTS went further and changed menu descriptions from selling "pizzas" at Wingman Pizza to selling "flatbreads" at Malfitany Pasta Co.

31. MARTINEZ and MARTINEZ's PARENTS actions discussed above constitute fraud, common law fraud and fraud under the Uniform Fraudulent Transfer Act (Tex.Bus.&Com.Code §§24.005, 24.006) proximately causing NYPI damages. NYPI is entitled to recover actual damages, lost profits and equitable injunctive relief, from MARTINEZ, MARTINEZ's PARENTS, RGV, WINGMAN and MALFITANY.

## VII. EXEMPLARY DAMAGES

32. The actions complained of herein were intentional and are of such nature as to entitle NYPI to exemplary damages.

## VIII. ATTORNEYS' FEES

33. As a result of the matters set forth herein, Plaintiff has been forced to retain the undersigned counsel, to represent it in this action, and Plaintiff has agreed to pay reasonable attorneys' fees which Plaintiff is entitled to recover from MARTINEZ for breach of the Franchise Agreement and the Security Agreement. Therefore, NYPI prays for recovery of its attorneys' fees and expenses, together with this Court's allowance and approval of additional attorneys' fees in the

event of appeal.

## IX. DEMAND FOR JURY TRIAL

34. Plaintiff respectfully demands a trial by jury.

## X. PRAYER FOR RELIEF

WHEREFORE, premises considered, NYPI prays that MARTINEZ, MARTINEZ's PARENTS, RGV, WINGMAN and MALFITANY be cited to appear and answer herein; that upon final trial hereof, NYPI have judgment against Defendants for actual damages, exemplary damages, incidental and consequential damages, reasonable attorneys' fees, pre-judgment and post-judgment interest at the highest lawful rates, and costs of suit, and for such other and further relief, at law and in equity, to which Plaintiff may show itself justly entitled.

Respectfully submitted,

/s/ Joseph J. Hroch
Joseph J. Hroch
Adm. ID No. 28099
Texas Bar No. 24000647
12821 Industrial Road
Houston, Texas 77015
713-636-8741 (Office)
713-636-8841 (Facsimile)
j.hroch@nypizzeria.com

ATTORNEY FOR PLAINTIFF,
NEW YORK PIZZERIA, INC.