Case 4:20-cv-01799 Document 14 Filed on 07/13/20 in TXSD Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
July 13, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NEW YORK PIZZERIA, INC., § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-20-1799 |
| § | | |
| DAVID MARTINEZ, *et al.*, § | | |
| Defendants. § | | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion to Dismiss [Doc. # 11] filed by Defendants David Martinez, RGV Franchise Developers, L.L.C., Malfitany Past Company, LLC, and Wingman Restaurants, Inc. Plaintiff New York Pizzeria, Inc. has neither filed a response in opposition to the Motion to Dismiss, nor requested additional time to do so.[1] Having reviewed the full record and governing legal authorities, the Court **grants** the Motion to Dismiss and **dismisses** this action for lack of subject matter jurisdiction.

---

[1] Generally, the Court would allow Plaintiff additional time to file a response. In this case, however, the undisputed record establishes that complete diversity is absent. Therefore, the Court need not require a response from Plaintiff. Indeed, a Court is obligated to consider *sua sponte* whether it has subject matter jurisdiction. *See Fort Bend Cty., Texas v. Davis*, __ U.S. __, 139 S. Ct. 1843, 1849 (June 3, 2019); *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012); *Punch v. Bridenstine*, 945 F.3d 322, 330 (5th Cir. 2019).

In the Complaint, Plaintiff alleges that it is a Texas corporation doing business in Houston. *See* Complaint [Doc. # 1], ¶ 1. Plaintiff alleges, and Defendants do not disagree, that Defendant David Martinez is a Texas citizen (¶ 2), Defendants RGV Franchise Developers, L.L.C. and Malfitany Pasta Company, LLC are Texas limited liability corporations (¶¶ 3-4), and Defendant Wingman Restaurants, Inc. is a Texas corporation (¶ 4). Defendants Jose and Pamela Martinez are citizens of Florida. *See id.*, ¶¶ 6-7. The case involves a breach of contract claim and a fraud claim, and Plaintiff asserts jurisdiction under 28 U.S.C. § 1332(a) because "there are Defendants from another state." *See id.*, ¶ 9.

The federal district courts have original jurisdiction over all civil actions where the matter in controversy exceeds $75,000 and is "between citizens of a state and citizens or subjects of a foreign state." *See* 28 U.S.C. § 1332(a). "Diversity jurisdiction requires an amount in controversy exceeding $75,000 and 'complete diversity' of parties -- that all persons on one side of the controversy be citizens of different states than all persons on the other side." *Moss v. Princip*, 913 F.3d 508, 514 (5th Cir. 2019) (internal quotations and citation omitted); *see also ExxonMobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005) ("the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action").

It is undisputed that Plaintiff and multiple Defendants are citizens of Texas. As a result, complete diversity of citizenship is absent and the Court lacks subject matter jurisdiction under § 1332(a). It is, therefore, hereby

**ORDERED** that Defendants' Motion to Dismiss [Doc. # 11] is **GRANTED** and this case is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. The Court will issue a separate Final Order of Dismissal.

SIGNED at Houston, Texas, this 13th day of **July, 2020**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE